RECEIVED
JUL 24 2019
AT 8:30_____M
WILLIAM T. WALSH, CLERK

FILED
JUL 24 2019
AT 8:00  1:40  M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. (ES) |
| v. | : Crim. No. 19- 525 |
| WILLIAM GREEN | : 18 U.S.C. § 1960 |
| | : 18 U.S.C. § 982(a)(1) |

### INDICTMENT

The Grand Jury, in and for the District of New Jersey, sitting at Newark, charges:

### Count One
### (Operating an Unlicensed Money Transmitting Business)

1. At all times relevant to this Indictment:

    a. Defendant WILLIAM GREEN was a resident of the State of New Jersey and maintained a website business under the name "Destination Bitcoin." Through the Destination Bitcoin website, defendant GREEN operated a business wherein he received money from members of the public (the "customers"), deposited such money into bank accounts maintained by GREEN, and then converted such money into Bitcoin in accordance with the customers' instructions. Defendant GREEN charged the customers a fee for this service.

    b. Federal law provided that "[a]ny person who owns or controls a money transmitting business shall register the business (whether or not the business is licensed as a money transmitting business in any State) with the Secretary of the Treasury...." 31 U.S.C. § 5330(a)(1).

  c. Defendant GREEN did not register, either in his own name or in the name of his business, with the Secretary of the United States Treasury as a money transmitting business.

  2. From in or around August 2017 through in or around February 2019, in the District of New Jersey and elsewhere, the defendant,

WILLIAM GREEN

did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business, specifically, a Bitcoin exchange service, which affected interstate and foreign commerce and failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330 and regulations prescribed under that Section.

  In violation of Title 18, United States Code, Section 1960.

## **FORFEITURE ALLEGATION**

1. As a result of committing the offense in violation of 18 U.S.C. § 1960 alleged in this Indictment, defendant GREEN shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in such offense, and all property traceable to such property.

### **Substitute Assets Provision**

2. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described above.

Grand Jury Foreperson

*Craig Carpenito*
CRAIG CARPENITO
UNITED STATES ATTORNEY

3

CASE NUMBER: 19- 525 (ES)

**United States District Court**
**District of New Jersey**

UNITED STATES OF AMERICA

v.

**WILLIAM GREEN**

**INDICTMENT FOR**
**18 U.S.C. § 1960**
**18 U.S.C. § 982(a)(1)**

Foreperson

**CRAIG CARPENITO**
UNITED STATES ATTORNEY
NEWARK, NEW JERSEY

ANTHONY P. TORNTORE
ASSISTANT U.S. ATTORNEY
973-645-2726