

**Jardim, Meisner & Susser, P.C.**
ATTORNEYS AT LAW

**Florham Park – Main Office**
30B Vreeland Road, Suite 100
Florham Park, NJ 07932
Tel: 973-845-7640
Fax: 973-845-7645

**New York**
420 Lexington Avenue
Suite 300-19
New York, NY 10170
Tel: 646-205-8038

**Red Bank**
280 Route 35, Suite 401
Red Bank, NJ 07701
Tel: 732-978-1920, ext 301
Fax: 732-852-2973

**Princeton**
252 Nassau Street
Princeton, NJ 08542
Tel: 609-373-6226
Fax: 973-845-7645

January 15, 2020

Hon. Kevin McNulty, U.S.D.J.
United States District Court
1 Federal Square
Newark, NJ 07102

   Re: **United States v. William Green**
      **Crim. No. 19-525 (KM)**

Dear Judge McNulty:

  On behalf of defendant William Green, we reply to the government's opposition to Mr. Green's motion to dismiss the indictment. Because the government has provided no credible authority to support its claim that the applicable statute applies to transactions in virtual currency, the Court should dismiss the indictment.

  **First**, as hard as the government tries, it cannot overcome the most recent pronouncement of the United States Supreme Court, ***United States v. Davis***, 588 U.S.___, 139 S. Ct. 2319 (2019), which carefully explained how courts must construe and apply criminal statutes.[1] Its language is clear and direct: only the Legislature can make an act criminal, and it must do so in a way that informs the public. [Gilberti Declaration Exhibit B, Slip Op. pp. 1-2, 4-5] It may not delegate that authority to the Executive or Judicial branches. ***Id.*** In this case, the Legislature has not provided any definition of "money" or "funds," much less one that includes virtual currency,

---

[1] The government buries its analysis of ***Davis*** on pages 24-28 of its brief and attempts to limit or explain it away, using only cases that predate it: ***Bifulco v. United States***, 447 U.S. 381 (1980); ***Bouie v. City of Columbia***, 378 U.S. 347 (1964); ***Maynard v. Cartwright***, 486 U.S. 356 (1988); ***Moskal v. United States***, 498 U.S. 103 (1990); ***Muscarello v. United States***, 524 U.S. 125 (1998); ***Rose v. Locke***, 423 U.S. 48 (1975); ***United States v. E-Gold, Ltd.***, 550 F. Supp. 2d 82 (D.D.C. 2008); ***United States v. Faiella***, 39 F. Supp. 3d 544 (S.D.N.Y. 2014); ***United States v. Moyer***, 647 F.3d 192 (3d Cir 2012); ***United States v. Pfeiffer***, 371 F.3d 430 (8th Cir. 2004); ***United States v. Salahuddin***, 765 F.2d 329 (3d Cir. 2014); ***United States v. Venturella***, 391 F.3d 120 (2d Cir. 2004); ***Washington State Grange v. Washington State Republican Party***, 552 U.S. 442 (2008). As the most recent pronouncement of the Supreme Court, ***Davis*** controls this area, and to the extent that any of these earlier holdings conflict, this Court must follow ***Davis***.

cryptocurrency or Bitcoin.[2]  So there is no Legislative pronouncement that transactions involving virtual currency fall within the statute and advising the people that it is illegal to conduct business in Bitcoin.

**Second**, as we had anticipated [*See* Mr. Green's Brief, pp. 8-9], the government relies on the cases interpreting 18 U.S.C. § 1960 that predate ***Davis***. [Government Brief, pages 14-24]  Because those decisions rest on non-legislative authorities (court-chosen dictionary definitions and the FINCEN Guidance) to plug the hole in the statute, ***Davis*** has effectively overruled them, and they have no effect on this case.[3]

**Third**, the government agrees that "the Court should 'limit its inquiry to the four corners of the Indictment' and not consider extrinsic evidence 'to discern the Government's theory of the case.'" ***United States v. Huet***, 665 F.3d 588, 593 (3d Cir. 2012). [Gov't Br., p. 2 n.1]  Nonetheless, in its "Factual Background and Procedural History," the government goes far beyond the four corners of the indictment, provides much extrinsic "evidence" to explain its theory of the case and draws "facts" from its investigation in its effort to dirty up Mr. Green. [Gov't Br., pp. 2-6]  The government also goes to great lengths in discussing the anti-money laundering purpose of the statute and "significant money laundering risks." [Gov't Br., pp. 6-11, 23]  If the risks of virtual currency and Bitcoin are as serious as the government claims, Congress should immediately pass a new law or amend the present one to include virtual currency in its definitions and coverage.  It is not for this Court to rewrite the present law to do that.

More importantly, this indictment only charges Mr. Green with violating 18 U.S.C. § 1960(b)(1)(B) for operating "an unlicensed money transmitting business."  This is the only charge before the Court.  There is no charge, or language suggesting, that he violated 18 U.S.C. § 1960(b)(1)(C)(for "the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended

---

[2] Even if the Court were allowed to use the applicable regulations, it would not help the government.  Specifically, 31 C.F.R. § 1010.100(m), entitled "General definitions," defines "currency" as "[t]he coin and paper money of the United States or of any other country that is designated as legal tender and that circulates and is customarily used and accepted as a medium of exchange in the country of issuance.  Currency includes U.S. silver certificates, U.S. notes and Federal Reserve notes.  Currency also includes official foreign bank notes that are customarily used and accepted as a medium of exchange in a foreign country."  It does not include virtual currency, cryptocurrency or Bitcoin.

[3] The government also cites ***Taniguchi v. Kan Pac. Saipan, Ltd.***, ___U.S.___, 132 S. Ct. 1997 (2012), a **civil** dispute in which Justice Alito relied on a dictionary definition to decide the case. [Gov't Br., p. 14]  That holding does not apply here because, not only does it predate ***Davis***, but more importantly, it was a civil dispute and was not subject to the same Constitutional limitations of due process and separation of powers that apply to a criminal statute or prosecution.

to be used to promote or support unlawful activity") or accusing him of money laundering. [Gilberti Dcl. Ex. A]

**Finally**, relying on *United States v. Banki*, 685 F.3d 99, 103 (2d Cir, 2012), the government looks to a system called "hawala" and concludes that "Bitcoin is simply an evolved version of . . . hawala." [Govt Br., pp. 22, 20-24]   This claim is just wrong.

According to *Banki*, hawala is a system of transferring/exchanging "fiat currency" from one country for "fiat currency" from another country. The government's quote begins, saying: "The hawala system is widely used in Middle Eastern and South Asian countries, and is primarily used to make international **funds** transfers." (Emphasis added) [Gov't Br., p. 21]  The quote continues: "hawala works as follows: If Person A in Country A wants to send **$1,000** to Person B in Country B, Person A contacts Hawaladar A in Country A and pays him **$1,000**. Hawaladar A then contacts Hawaladar B in Country B to pay **$1,000** in Country B **currency**, minus any fees, to Person B." (Emphasis added) *Id.* The statute clearly applies to money and currency, and as noted in footnote 1, "currency" means "coin and paper money of the United States or of any other country." 31 C.F.R. § 1010.100(m).

Hawala is really no different from a routine Western Union transaction in which a person in the United States sends U.S. dollars to a person in France who receives the payment in euros.  The transaction starts as U.S. **currency** and ends as European **currency**, nothing more.  Consequently, the government's evolution analogy is missing a link to Bitcoin.

## CONCLUSION

Because the indictment and the statute do not contain any reference to virtual currency, the indictment is defective as applied to the facts of this case.  Further, if there is any uncertainty, the Court should apply the rule of lenity.  As a result, the Court should dismiss the indictment against Mr. Green.

Thank you for your consideration.

Respectfully,

Michael V. Gilberti

MVG/dlb
cc:   Anthony Torntore, AUSA