

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*          *(973) 645-2700*
*Newark, New Jersey  07102*

February 17, 2021

Michael Gilberti, Esq.
Jardim, Meisner and Susser, P.C.
30B Vreeland Road, Suite 100
Florham Park, NJ 07932

Re:  Plea Agreement with GREEN

Dear Mr. Gilberti:

This letter sets forth the plea agreement between your client, WILLIAM GREEN ("GREEN") and the United States Attorney for the District of New Jersey ("this Office").  The government's offer to enter into this plea agreement will expire on February 19, 2021 if it is not accepted in writing on or before that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from GREEN to Count One of the Indictment, which charges GREEN with operating an unlicensed money transmitting business, contrary to 18 U.S.C. § 1960(a) and (b)(1)(B).  If GREEN enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against GREEN related to the operation of business(es) known as WG Holdings LLC and/or Destination Bitcoin between in or around December 2017 and in or around March 2019. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, GREEN agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by GREEN may be commenced against him, notwithstanding the expiration of the limitations period after GREEN signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1960 to which GREEN agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine of $250,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon GREEN is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence GREEN ultimately will receive.

Further, in addition to imposing any other penalty on GREEN, the sentencing judge: (1) will order GREEN to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order GREEN to pay restitution pursuant to 18 U.S.C. § 3663A; (3) may order GREEN, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require GREEN to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should GREEN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, GREEN may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition, GREEN agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, in an amount to be determined by the Court.

Forfeiture

GREEN agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982, GREEN will to forfeit to the United States, any and all property involved in, or traceable to, the violation of 18 U.S.C. § 1960, charged in the Indictment. GREEN further agrees to forfeit all of his right, title and interest in the funds listed below (the "Specific Property"), which GREEN admits has the requisite nexus to the unlicensed money transmitting offense charged in the Indictment and therefore is forfeitable to the United States of America pursuant to 18 U.S.C. § 982:

a. $51,144.00 in United States currency seized from GREEN'S residence on or about March 1, 2019

(collectively, the "Specific Property").

GREEN further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981(a). GREEN agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent GREEN has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. GREEN further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation

GREEN waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of a Consent Judgment of Forfeiture that will be final as to the defendant prior to the defendant's sentencing. GREEN understands that criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of GREEN's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. GREEN hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

- 3 -

GREEN further agrees that within 10 days after he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office.  If GREEN fails to provide a complete and accurate Financial Disclosure Statement within 10 days after the date he enters his plea of guilty, or if this Office determines that GREEN has intentionally failed to disclose assets on his Financial Disclosure Statement, GREEN agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on GREEN by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of GREEN's activities and relevant conduct with respect to this case.

## Stipulations

This Office and GREEN agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or GREEN from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within

- 4 -

its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and GREEN waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

GREEN understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. GREEN understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. GREEN wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. GREEN understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, GREEN waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against GREEN. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against GREEN.

No provision of this agreement shall preclude GREEN from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack,

- 5 -

writ, or motion claiming that GREEN received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between GREEN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
United States Attorney

By:   ANTHONY P. TORNTORE
      MATTHEW FELDMAN NIKIC
      Assistant United States Attorneys

APPROVED:

DAVID W. FEDER
Chief, Cybercrime Unit

- 6 -

I have received this letter from my attorney, MICHAEL GILBERTI, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 2/26/21
WILLIAM GREEN


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 2.26.21
MICHAEL GILBERTI, ESQ.

## Plea Agreement With GREEN

### Schedule A

1. This Office and GREEN recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and GREEN nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence GREEN within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and GREEN further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline is U.S.S.G. § 2S1.3(a)(2), which provides that the Base Offense Level is 6 because GREEN is not charged under 31 U.S.C. §§ 5318 or 5318A.

4. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(H) applies because the value of the funds involved in the offense exceeded $550,000 but were not more than $1,500,000. This Specific Offense Characteristic results in an increase of 14 levels.

5. As of the date of this letter, it is expected that GREEN will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and GREEN's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. U.S.S.G. § 3E1.1(a) and Application Note 3.

6. As of the date of this letter, it is expected that GREEN will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in GREEN's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) GREEN enters a plea pursuant to this agreement, (b) this Office in its discretion determines that GREEN's acceptance of responsibility has continued through the date of sentencing and GREEN therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) GREEN's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to GREEN is 17 (the "agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

9. GREEN knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.