2020R01150/AT/SD/fk

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Kevin McNulty |
| v. | : | Crim. No. 19-525 |
| WILLIAM GREEN, | : | CONSENT JUDGMENT & PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT) |
| Defendant. | : | |
| | : | |

WHEREAS, on or about April 5, 2021, defendant William Green (the "defendant"), pursuant to a plea agreement with the United States, pled guilty to a one-count Indictment (the "Indictment") charging him with operating an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960 (Count One);

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), a person convicted of an offense in violation of 18 U.S.C. § 1960 shall forfeit to the United States of America all property, real and personal, involved in such offense and any property traceable thereto;

WHEREAS, in the plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all of his right, title and interest in any property, real or personal, involved in the offense alleged in Count One of the Indictment to which defendant William Green has pleaded guilty, and any property traceable to such property;

WHEREAS, the defendant shall forfeit all of his right, title and interest in the following specific property, representing any property, real or personal, involved in the offense in violation of 18 U.S.C. § 1960, and any property traceable to such property as alleged in Count One of the Indictment:

> Approximately $51,144.00 in United States currency, seized from the defendant's residence on or about March 1, 2019 (the "Specific Property");

WHEREAS, the Specific Property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) as property involved in a violation of 18 U.S.C. § 1960, to which the defendant pleaded guilty;

WHEREAS, Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture may become final at any time before sentencing if the defendant consents;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (incorporated by 18 U.S.C. § 982(b)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, defendant William Green:

(1) Consents to forfeit to the United States the Specific Property;

(2) Admits that the Specific Property has the requisite nexus to the offense charged in Count One of the Indictment and therefore it is forfeitable to the United States pursuant to 18 U.S.C. § 982(a)(1);

(3) Agrees that this Order is final as to the defendant at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

(4) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the Specific Property;

(5) Waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in his presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(6) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the plea hearing;

(7) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Specific Property; and

(8) Agrees that the forfeiture does not constitute an excessive fine or violate the Eighth Amendment; and

WHEREAS, good and sufficient cause has been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. As a result of the defendant's conviction of the offense in violation of 18 U.S.C. § 1960 charged in Count One of the Indictment, pursuant to 18 U.S.C.

§ 982(a)(1) and Rule 32.2(b)(1) and (b)(2) of the Federal Rules of Criminal Procedure, and based upon the plea agreement, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition according to the law, subject to the provisions of 21 U.S.C. § 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made part of his sentence, and shall be included in the judgment of conviction therewith.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the federal agency in possession of the Specific Property, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5. Pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the Specific Property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition.

The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, and any additional facts supporting the petitioner's claim, and the relief sought.

6. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

7. Upon adjudication of all third-party interests, the Court will enter a final order of forfeiture, pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the Specific Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 5th day of April, 2021.

/s/ Kevin McNulty
_____
HONORABLE KEVIN MCNULTY
United States District Judge

The undersigned hereby consent to
the entry and form of this Order:

RACHAEL A. HONIG
Acting United States Attorney

By: ANTHONY TORNTORE
    MATTHEW FELDMAN NIKIC
    Assistant United States Attorneys

Dated:

_____
MICHAEL GILBERTI, ESQ.
Attorney for Defendant      4·5·21
William Green

Dated: 4.5-21

_____
WILLIAM GREEN
Defendant

Dated: 4/5/21